IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-00363-RPM

SUE GANNETT,

    Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1,
HAYDEN CAMP, in his individual capacity, and
CHUCK DeWAYNE, in his individual capacity,

    Defendants.

_____

ORDER ON SUMMARY JUDGMENT
_____

    Sue Gannett is licensed as a K-12 school counselor and an elementary school teacher in Colorado. She has been employed by Poudre School District R-1 since 1995. Ms. Gannett has a heart condition, diagnosed as mitral valve prolapse when she was 19 years old. She experiences shortness of breath, palpitations of the heart and fatigue when under stress.

    For ten years, Ms. Gannett worked at Werner Elementary School, Monday through Thursday on an 80% schedule. On May 12, 2006, she was transferred to Riffenburgh Elementary School abruptly and was not permitted to return to Werner for the remainder of the year. Riffenburgh has a program for emotionally disturbed children. During her first year there, Ms. Gannett had to be taken to a hospital emergency room on two occasions. Because her heart condition worsened, she was required to wear a heart monitor. In April, 2006, she was told she needed open heart surgery. The Riffenburgh school principal asked her to schedule the surgery

1

during the summer, but she had the surgery at the Cleveland Clinic in April and she took sick leave for the remainder of the school year.

Ms. Gannett returned to Riffenburgh at the beginning of the school year in 2007, working her regular schedule. During the winter break while she was with her family on a ski vacation, Ms. Gannett experienced a Transient Ischemic Attack and was airlifted to a Fort Collins hospital where a blood clot was found on her mitral valve. She took disability leave for the remainder of the 2007-2008 school year.

In mid-April 2008, Ms. Gannett requested a transfer back to Werner to an open counselor position as an accommodation for her disability. She submitted letters from her medical care providers. The transfer was granted without acknowledging any need for accommodation of a disability.

The District decided to change from an elementary to junior high school plan to middle schools, making Weaver a K-5 school, resulting in a smaller enrollment and reduced resources. Ms. Gannett was assigned to a position of 70% counselor and 10% reading interventionist for the 2009-2010 school year.

Hayden Camp, the Werner principal, issued Ms. Gannett a "Memo of Understanding" for taking leave on a "collaboration day" in September 2009. She filed a grievance under the collective bargaining agreement which went to an arbitration hearing. The arbitrator denied the grievance on the understanding that the memo was not a disciplinary action.

Ms. Gannett filed a charge of disability discrimination and retaliation with the EEOC in March 2010, including allegations of disparate treatment. The District denied disability in its response.

Mr. Camp reduced Ms. Gannett's assignment to 40%, resulting in a loss of health insurance. To enable her to continue health insurance benefits, she took a second 40% position at Kinard Middle School.

In January 2011, Ms. Gannett proposed a "health plan" and asked that the principals of Werner and Kinard work together to accommodate her condition. The District denied any need for accommodation of a disability.

Because her health was adversely affected by working at two schools and continuing disagreements about scheduling and assignments, Ms. Gannett decided to work only the 40% position at Kinard for the 2011-2012 school year and filed this civil action on June 3, 2011, claiming discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

The District moved for summary judgment of dismissal, asserting that the plaintiff does not have an impairment of a major life activity. The amendments to the ADA, effective January 1, 2009, have broadened the definition sufficiently to include the plaintiff's condition. When active and aggravated by stress, Ms. Gannett's major life activities have been affected, and she has presented sufficient evidence to show that the District has been indifferent to her needs for accommodation at those times.

Ms. Gannett has also asserted a claim under 42 U.S.C. § 1983 that her First Amendment right to association was violated by the District Human Resources Director Chuck DeWayne and Principal Hayden Camp by retaliating against her for filing a grievance with her union. There is no merit to that claim. The asserted interference with the grievance process is insufficient to support such a violation. The independent arbitrator denied the grievance after a hearing. Ms.

Gannett exercised her contract rights, and there is no showing of a causal connection with any adverse employment action.

Similarly, the plaintiff has failed to show evidentiary support for her claims of civil conspiracy, willful and wanton breach of contract, and intentional infliction of emotional distress.

Upon the foregoing it is ORDERED, that judgment will enter dismissing the third, fourth, fifth, and sixth claims for relief, and dismissing Hayden Camp and Chuck DeWayne as defendants in this civil action. It is FURTHER ORDERED, that the District's motion for summary judgment is denied as to the first and second claims for relief.

Dated: November 28, 2012

                                    BY THE COURT:

                                    s/Richard P. Matsch
                                    _____
                                    Richard P. Matsch, Senior District Judge